IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN BAKER,** | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § | Civil Action No. **3:21-CV-1708-L** |
| **FAMILY DOLLAR STORES OF TEXAS, LLC,** | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

The court, *sua sponte,* has conducted a review of the pleadings and the record (state and federal), and determines that diversity jurisdiction has not been established by Defendant Family Dollar Stores of Texas, LLC ("Defendant" or "Family Dollar"). Accordingly, the court *sua sponte* **remands** this action to the 193rd Judicial District Court of Dallas County, Texas.

## I.   Procedural Background

Brian Baker ("Plaintiff" or "Mr. Baker") originally filed this action against Family Dollar in the 193rd Judicial District Court of Dallas County, Texas, on June 1, 2021. In his Original Petition ("Petition"), Mr. Baker contends that, while shopping on October 4, 2019, at a Family Dollar store, he slipped on a gel-like substance, fell to the floor, and hit his head. Mr. Baker sues under a theory of premises liability and seeks "[m]onetary relief over $250,000 but not more than $1,000,000." Pl.'s Original Pet. 4, ¶ 12.d.

On July 22, 2021, Family Dollar filed its Notice of Removal ("Notice") (Doc. 1), contending that this court has subject matter jurisdiction because complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. While the court agrees that sufficient allegations are set forth in Plaintiff's Petition and

the Notice to demonstrate that complete diversity of citizenship exists between the parties, the allegations in the Notice and Petition are insufficient to demonstrate that the amount in controversy exceeds the jurisdictional threshold.

## II.     Plaintiff's Petition and Defendant's Notice

The allegations of Plaintiff's Petition are as follows:

### IV.  FACTS

6.     On October 4, 2019, Plaintiff was injured on the premises located at 620 North Jim Miller Road, Dallas, Dallas County, TX. Plaintiff, Brian Baker, was walking down an isle when he slipped on a gel[-]like substance causing him to fall and hit his head. At the time of injury, the premises were being used as a retail store by Defendant, Family Dollar Stores of Texas, LLC.

7.     Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

8.     Plaintiff was an invitee at the time the injury occurred. Plaintiff entered on Defendant's premises for the mutual benefit of himself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

### V.  NEGLIGENCE

9.     Because Plaintiff was an invitee at the time of injury, Defendant, Family Dollar Stores of Texas, LLC, owed a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

10.    Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendant knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees. Specifically, Defendant breached its duty in one or more of the following ways:

   1.  Failing to inspect the premises on a regular basis;
   2.  Failing to remove the hazardous condition;
   3.  Failing to place signs warning invitees;
   4.  Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment; and
   5.  Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

VI.  DAMAGES

11.   As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of his injuries, Plaintiff has suffered the following damages:

    a.   Physical pain and mental anguish in the past and future;
    b.   Medical expenses in the past and future; and
    c.   Physical impairment.

Pl's. Original Pet. 2-3, ¶¶ 6-11.

With respect to the amount in controversy, Family Dollar merely adopts the language of the amount set forth in Plaintiff's pleadings, which relies on a procedural rule under Texas law. For the reasons that follow, the court determines that such reliance is insufficient for the court to conclude that the amount of damages alleged in the Petition was made in good faith. Accordingly, Family Dollars cannot use the amount set forth in Plaintiff's Petition to establish the amount-in-controversy requirement.

### III.   Applicable Law

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the

burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

As previously stated, the record, pleadings, and Notice contain sufficient allegations to demonstrate that complete diversity of citizenship exists between the parties. Thus, the court turns its attention to whether the pleadings and Notice (or anything else in the record) demonstrate that the amount in controversy exceeds $75,000.

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2);* *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.

---

*Section 1446(c)(2) further provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>    (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>       (i) nonmonetary relief, or
>       (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>    (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

**Memorandum Opinion and Order – Page 4**

1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold. As this case was removed to federal court, the burden rests with Family Dollar.

## IV.   Discussion

The court is convinced that the jurisdictional amount has not been satisfied for removal purposes. This is so because Defendant simply relies on Plaintiff's statement in his Petition that he seeks "monetary relief over $250,000 but not more than $1,000,000." Notice 4, ¶ 12 (citing Pl.'s Original Pet. 4, ¶ 12.d.). Plaintiff's pleadings, however, are so "threadbare" and lacking in substance that the court cannot conclude that the amount requested is made in good faith.

Mr. Baker alleges that he was injured and suffered severe physical injuries, but this statement is conclusory. The Petition contains no factual allegations regarding the severity of his injuries, the type of injuries he suffered, or the manner in which he has been disfigured. It contains no factual allegations of any medical treatment Plaintiff has received, or the cost or duration of such medical treatment. Mr. Baker does not request any lost wages (past or future) or damages for disfigurement (past or future); he does not seek loss of earning capacity (past or future); he does not seek any damages for loss of enjoyment of life (past or future); and he seeks no punitive damages. As this incident occurred in October 2019, and the action was removed to federal court approximately 21 months after the incident occurred, it is only reasonable to infer that a modicum of knowledge would be known about the severity and extent of Plaintiff's injuries, and the kind and costs of medical treatment he received prior to the action being filed in state court and later removed to federal court. In light of the paucity of the factual allegations in the Petition, the court cannot conclude that the amount sought by Plaintiff is made in good faith.

While Family Dollar correctly notes that the Petition contains an allegation that Plaintiff is seeking "over $250,000 but less than $1,000,000," such naked assertion is not determinative. The allegation in Plaintiff's Petition is included solely because Texas Rule of Civil Procedure 47(c)(1)-(5) requires a party to identify the category of monetary relief sought in an original pleading, which in turn governs the level of discovery allowed in a civil case in state court under Texas Rule of Civil Procedure 169. The factual allegations of Plaintiff's Petition do not even marginally support a good faith amount that exceeds $75,000, much less $250,000. The fundamental flaw in Defendant's Notice is that it contains nothing to assist the court to determine that Plaintiff's adherence to a state court rule of procedure shows that the amount Plaintiff seeks is made in good faith, or more likely than not that amount in controversy exceeds $75,000. Moreover, a simple restatement or adoption of another party's anemic, bare-bones, or deficient pleadings does not

transform the action into one in which the jurisdictional threshold for the amount in controversy has been met. To hold that the amount requested in this case is made in good faith requires a quantum leap of logic that this court has no basis to make. Because of this fatal flaw, the Notice does not set forth any plausible allegations to show that the amount in controversy more likely than not exceeds $75,000.

## V.     Conclusion

For the reasons set forth herein, neither Plaintiff's Petition nor the Notice sets forth sufficient allegations or evidence for the court to reasonably conclude that the jurisdictional threshold for the amount in controversy for removal has been met. Accordingly, the court **lacks** diversity jurisdiction to hear this action, and *sua sponte* **remands** it to the 193rd Judicial District Court, Dallas County, Texas. The clerk of court **shall** effect the remand in accordance with the usual procedure.

**It is so ordered** this 23rd day of August, 2021.

Sam A. Lindsay
United States District Judge